**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3264-18T2

MARION JACOBS,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

> Submitted March 30, 2020 – Decided April 22, 2020
>
> Before Judges Ostrer and Vernoia.
>
> On appeal from the New Jersey Department of Corrections.
>
> Marion Jacobs, appellant pro se.
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Beonica McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Marion Jacobs is incarcerated in New Jersey State Prison, and he appeals from a New Jersey Department of Corrections (DOC) final agency decision finding he committed prohibited act *.002, assaulting another person, N.J.A.C. 10A:4-4.1(a)(1)(ii); and imposing the following sanctions: 181 days administrative segregation, 180 days loss of commutation time, and 30 days loss of phone privileges. We affirm.

On February 2, 2019, another inmate at the prison was assigned to clean Jacobs's cell. Dissatisfied with the manner in which the inmate was cleaning his cell, Jacobs punched and bit the inmate. A corrections officer inquired about the blood he observed on the inmate's shirt, and the inmate reported Jacobs assaulted him. The inmate had a cut above his left eye, a bite mark on his chest, and scratches on his arms and back.

Officers searched Jacobs's cell and spoke with Jacobs. They observed blood on Jacobs's shirt, but he did not exhibit or complain of any injuries. Jacobs did not report to the officers or medical staff that the inmate struck him.

The same day, Jacobs was charged with prohibited act *.004, fighting with another person, N.J.A.C. 10A:4-4.1(a)(2)(ii). Jacobs pleaded not guilty and was assigned a counsel substitute. A corrections officer obtained a video recording

of the area outside Jacobs's cell at the time of the incident, and Jacobs reviewed the recording prior to his hearing on the charge.

The hearing officer considered the video recording, Jacobs's testimony, the inmate's written statement, and the officers' and medical staff's reports. Jacobs testified he acted in self-defense. He claimed the inmate "popped [him] in the face" and "put [him] in a bear hug," and, in response, he punched and bit the inmate.

The hearing officer found the inmate's version of the incident credible and Jacobs's testimony inconsistent with the video recording and other evidence. The hearing officer determined there was no credible evidence showing Jacobs and the inmate fought and found Jacobs's guilty of an amended charge of committing prohibited act *.002, assaulting another person. The hearing officer recommended sanctions including administrative segregation, loss of commutation time, and loss of phone privileges. Jacobs administratively appealed.

A DOC Associate Administrator determined the hearing officer's findings were "based on substantial evidence and the sanction was proportionate in view of [Jacobs's] prior disciplinary history," and upheld the hearing officer's decision. This appeal followed.

3

Jacobs presents the following arguments for our consideration:

POINT I

THE DECISION OF THE PRISON ADMINISTRATOR WAS NOT ADEQUATELY SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE ADMINISTRATIVE RECORD. THE DECISION WAS AT ODDS WITH THE AUTHOR OF THE CHARGE AND THE APPELLANT'S SELF-DEFENSE ARGUMENT IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS.

POINT II

THE HEARING OFFICER FAILED TO CONDUCT THE DISCIPLINARY HEARING IN ACCORDANCE WITH TITLE 10A, AND THEREBY VIOLATED [APPELLANT'S] RIGHT TO DUE PROCESS.

POINT III

THE APPELLANT SUBMITS THAT THE DISCIPLINARY HEARING OFFICER AND THE ADMINISTRATOR FAILED TO ADEQUATELY REVIEW OR CONSIDER THE RECORD IN DISMISSING APPELLANT'S PLEA FOR LENIENCY.

POINT IV

THE HEARING WAS HELD IN VIOLATION OF NUMEROUS CODES OF TITLE 10A WHICH GOVERNS THE DISCIPLINARY PROCESS.

Our review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider: (1) whether the agency followed the law; (2) whether substantial evidence supports the findings; and (3) whether the agency "clearly erred" in applying the "legislative policies to the facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).

Although we afford deference to an administrative agency's determination, our review is not perfunctory and "our function is not to merely rubberstamp an agency's decision." Figueroa, 414 N.J. Super. at 191. We must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

A-3264-18T2

We carefully reviewed the record and find Jacobs's arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E). We note only there is substantial credible evidence supporting the DOC's determination Jacobs assaulted the inmate and did not act in self-defense. The hearing officer considered all the evidence presented and determined the inmate's version of the events was credible and Jacobs's version was not. We owe particular deference to the agency's credibility determinations, where its hearing officer had the opportunity to observe the inmate's testimony. See State v. Locurto, 157 N.J. 463, 470-74 (1999). We therefore find no basis to reject the hearing officer's factual finding Jacobs assaulted the inmate.

We also reject Jacobs's assertion the DOC did not consider the evidence he claims established he acted in self-defense under N.J.A.C. 10A:4-9.13(f). The regulation requires an inmate who "raise[s] self-defense to a prohibited act involving the use of force among inmates" present evidence establishing six specified conditions.[1] Jacobs's argument fails because, as noted, the evidence

---

[1] In pertinent part, N.J.A.C. 10A:4-9.13(f) provides:

> [An] inmate claiming self-defense shall be responsible for presenting supporting evidence that shall include each of the following conditions:

and testimony he presented in support of his self-defense claim was deemed not credible.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

1. The inmate was not the initial aggressor;

2. The inmate did not provoke the attacker;

3. The use of force was not by mutual agreement;

4. The use of force was used to defend against personal harm, not to defend property or honor;

5. The inmate had no reasonable opportunity or alternative to avoid the use of force, such as, by retreat or alerting correctional facility staff; and

6. Whether the force used by the inmate to respond to the attacker was reasonably necessary for self-defense and did not exceed the amount of force used against the inmate.

A-3264-18T2